### No 2992.—James O. Noyes *v.* Sigmund Loeb.

This is an action to annul a judgment of the Sixth District Court of the parish of Orleans. The defense is that the petition disclosed no cause of action. The petition alleges that the plaintiff, availing himself of the absence of defendant's counsel at the trial, obtained the judgment by fraud and ill practice and by suppressing the truth well known to the plaintiff. The court *a qua* sustained the exception and dismissed the suit. The plaintiff in the action of nullity appealed. Held by the Supreme Court—That the allegations of the petition, being taken as true for the purpose of trying the exception, disclosed a cause of action, and, therefore, it must be overruled and the cause be remanded, with instruction to the court *a qua* to be proceeded with according to law.

APPEAL from the Sixth District Court for the parish of Orleans. *Cooley,* J. *H. B. Kelly,* for plaintiff and appellant. *B. R. Forman,* for defendant and appellee.

Ludeling, C. J. This is an appeal from a decision sustaining an exception to the petition "for insufficiency and uncertainty, and because no specific acts of fraud are set forth, such as would authorize the remedy sought, and disclose no cause of action."

For the purpose of the trial of the exception, the allegations made in the petition are admitted to be true. They are as follows: That the plaintiff, Noyes, gave to Simon, Loeb & Co., for value received, his note, payable to their order, for $1791 09, dated on the fourth and payable on the tenth of April, 1865; that the original payees continued to hold the note until the ninth of December, 1867, at which time it was surrendered by them in bankruptcy; that, between the maturity of the note and its surrender in bankruptcy, it had been reduced by payment to $790 09, and that, when surrendered by Simon, Loeb & Co., they only claimed that balance to be due; that on the seventeenth of February, 1866, prior to said surrender, the said Simon, Loeb & Co., in consideration of the conveyance by Noyes of all his property to a trustee for the benefit of said Simon, Loeb & Co. and other creditors, had granted him a full and unconditional release and acquittance from all liability on account of said note or any other account; that the note had thus been extinguished by payment, except as to $790 09; and that, as to this balance, Noyes had been released from all liability, as aforesaid, on the seventeenth February, 1866. It is further alleged that Sigmund Loeb, well knowing the truth of all the facts above

alleged, corruptly and fraudulently combined and confederated with said Simon, Loeb & Co. to defraud Noyes by means of suit No. 1165, instituted in the Sixth District Court on the fourteenth of February, 1870, alleging, in the petition filed in said suit, that he was the holder and owner of the note, for valuable consideration, in due course of business, before maturity, and that the whole amount was still due and unpaid, he well knowing the falsity of all of said allegations.

It is further alleged that Sigmund Loeb, well knowing that the note had been extinguished by payment and release, as aforesaid, corruptly and fraudulently combined and confederated with Simon, Loeb & Co. to defraud Noyes by means of said suit, 1165, and by availing himself of the accidental absence of Noyes' counsel on the trial, obtained a judgment by fraud and ill practice and by suppressing the truth well known to plaintiff.

We can not assent to the proposition that no cause of action is stated in the petition. It would be a reproach to any system of laws to say, that it was inadequate to afford relief upon the state of facts admitted by the pleadings in this case. The law of this State is not liable to such imputation. Article 607, Code of Practice, declares that " a definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered." 12 La., Fox v. Bonner. 408; 7 N. S., 692; Beauchamp v. McMiken ; Chitty on Bills,. p. 212.

It is, therefore, ordered that the judgment of the district court be annulled ; that the exception be overruled ; that the case be remanded to the court a qua, to be proceeded with according to law, and that the appellee pay the costs of appeal.